**David B. POWELL, Petitioner,**

v.

**Elizabeth A. POWELL, et al., Respondents.**

**No. CV:92–787.**

United States District Court, M.D. Pennsylvania.

June 18, 1992.

David B. Powell, pro se.

No appearance entered on behalf of respondents.

## ORDER

McCLURE, District Judge.

BACKGROUND

Petitioner David B. Powell filed an "emergency" petition for writ of habeas corpus [1] on June 9, 1992 accompanied by a petition for leave to proceed *in forma pauperis*. Powell filed the action on behalf of himself and his four-year-old son, Aaron B. Powell, whom he alleges cannot be properly cared for by his mother, Elizabeth Powell (presumably petitioner's ex-wife). Powell resides in Clearfield, Centre County, Pennsylvania, and Elizabeth Powell and his son reside in Philipsburg, Centre County.

Petitioner invokes federal jurisdiction under the habeas corpus statute applicable to state-court judgments, 28 U.S.C. § 2254.[2] Powell alleges that he has report-

---

1. 28 U.S.C. § 2254.

2. Section 2254 provides, in relevant part:

   (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

   (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

**106**

ed his concerns about the care and custody of his son to, *inter alia,* Scott Fries, Acting Director of the Pennsyvlania Department of Public Welfare, Division of Children, Youth, and Family Services; Terry L. Watson, Director of Children, Youth and Family Service of Centre County, Pennsylvania, ("Centre County Children and Youth"), Elsa B. Wagner, Caseworker Supervisor of Centre County Children and Youth; and Gina M. Catalano, Caseworker at Centre County Children and Youth. He alleges that he also petitioned the Court of Common Pleas of Centre County for relief on several occasions, but that each time his petition was denied by the Honorable Charles C. Brown without a hearing. Petitioner filed a petition for writ of mandamus with the Supreme Court of Pennsylvania as to which he has not yet received a ruling. Petitioner names all of these individuals, as well as Elizabeth Powell, as respondents.

■ Petitioner is essentially challenging Elizabeth Powell's right to continued custody of their child. This court is without jurisdiction to consider petitioner's claims.[3] The United States Supreme Court ruled in *Lehman v. Lycoming County Children's Services,* 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982)[4] that section 2254 does not confer jurisdiction on the federal courts to consider collateral challenges to state-court child custody rulings. Although the particular question before the Supreme Court in *Lehman* involved a challenge by a parent to a state-court ruling terminating her parental rights, the Court refused to distinguish between the proceeding before it and a child custody battle between the natural parents, stating:

Petitioner maintains that the approval of habeas jurisdiction in this case may be limited. She suggests that it could be available only when the State takes the

child away from its natural parents, but not when the State simply determines custody in a routine intrafamily dispute. It is not apparent that such distinctions are possible, either in legal theory or as a practical matter. The circumstances of custody vary widely, though in each disputed case the child is in the custody of one person—over the objections of someone else—by order of a state court. We see no principled basis for distinguishing between the claim of a natural parent and the claim of grandparents or even the claim of an unrelated person who has been given legal custody that is challenged by a third party. Moreover, the arguments of res judicata and federalism apply with equal force in every collateral attack on a state custody decision in a federal court.

*Lehman, supra,* 458 U.S. at 512 n. 15, 102 S.Ct. at 3238 n. 15. The Court further stated that:

The considerations in a child custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal court jurisdiction.

*Lehman, supra,* 458 U.S. at 515–16, 102 S.Ct. at 3239–40. It is clear that the Supreme Court's rationale in *Lehman* applies to preclude exercise of federal jurisdiction

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(a)-(c).

**3.** Lack of subject matter jurisdiction may be raised at any time by the parties or by the court,

*sua sponte. Liakakos v. CIGNA Corp.,* 704 F.Supp. 583 (E.D.Pa.1988), citing *inter alia, Essington Metal Works, Inc. v. Retirement Plans of America, Inc.,* 609 F.Supp. 1546, 1550 (E.D.Pa. 1985).

**4.** The Supreme Court affirmed the Third Circuit's ruling in *Lehman v. Lycoming County Children's Services,* 648 F.2d 135 (3d Cir.1981).

in this matter under section 2254. No other basis for federal jurisdiction is asserted.

NOW, THEREFORE, IT IS ORDERED THAT:

1. This case is dismissed for lack of federal subject-matter jurisdiction.

2. Petitioner's application for leave to proceed *in forma pauperis* is denied as moot.

3. The Clerk of Court is directed to close this case.

4. It is certified that any appeal from this order is not taken in good faith [5] and is without probable cause.[6]

---

**5.** Fed.R.App.P. 22.     **6.** Fed.R.App.P. 24.