David B. POWELL, Plaintiff,

v.

Kay F. HOOVER and Honorable Edgar B. Bayley, Defendants.

No. 4:CV–97–0305.

United States District Court, M.D. Pennsylvania.

March 7, 1997.

David B. Powell, Plaintiff, pro se.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

On February 26, 1997, plaintiff David B. Powell, an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, initiated this action with the filing of a complaint pursuant to 42 U.S.C. § 1983. Powell claims that child custody proceedings in the Court of Common Pleas of Cumberland County violate his various rights under the Constitutions of the United States and the Commonwealth of Pennsylvania. Powell is proceeding *pro se* and has filed a motion to proceed *in forma pauperis.*

Before the court is the complaint for initial review and the motion to proceed *in forma pauperis.*

### DISCUSSION:

A letter from Powell to the Clerk of Court indicates that he forwarded the complaint for docketing (the complaint is dated February 11, 1997) and was informed that he needed to remit the filing fee or apply to proceed *in forma pauperis. See* Letter dated February 20, 1997 (undocketed; the court will direct docketing for purposes of potential appellate review). Powell also notes that he does not believe that 28 U.S.C. § 1915 applies. For

some reason and in despite of this assertion, Powell forwarded both the filing fee and a motion to proceed *in forma pauperis*.

## I.  APPLICATION OF SECTION 1915

We first address the question of the applicability of the federal *in forma pauperis* statute. Powell states in his letter, "Though I don't believe 28 U.S.C.A. § 1915 applies in this case simply because I am incarcerated, in light of the fact that the case does not directly involve my incarceration and/or the officials involved in my incarceration, I'll go deeper in debt and borrow the $150.00 and get my funds back from this corrupt government in the future; ..." Letter of February 20, 1997. However unartfully stated and apparently by accident, Powell actually points to an ambiguity in the new version of § 1915.

■ On April 26, 1996, President Clinton signed into law an appropriations measure for the remainder of the fiscal year 1996 which included the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996). The PLRA includes substantial amendments to § 1915, particularly with respect to actions brought by prisoners. The relevant provision now reads:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets *such prisoner* possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (emphasis added). Despite the repeated references to the "person" who makes affidavit, Congress inserted the phrase "such prisoner" with respect to the required statement of assets. PLRA § 804(a)(1)(C). *See also Leonard v. Lacy,* 88 F.3d 181, 183 (2d Cir.1996) (recognizing language as probably erroneous by inserting "[sic]" in quotation from PLRA). However, a fair reading of the entire section is that it is not limited to prisoner suits.

First, a separate part of the statute provides directly for the application to proceed *in forma pauperis* and the statement of assets by prisoners, § 1915(a)(2), and § 1915 always has governed *in forma pauperis* status generally, without being limited to prisoner suits. *See generally McTeague v. Sosnowski,* 617 F.2d 1016, 1019 (3d Cir.1980) ("Since 1892, when the predecessor to 28 U.S.C. § 1915 was enacted, the doors of the federal courts have been open to the poor and the rich alike."; footnote omitted).[1] This reading is consistent with both the apparent purpose of the statute and its history.

When appropriate, Congress was very clear about provisions intended to apply to prisoner suits only, § 1915(a)(2), (b), (f)(2), (g), (h), but did not specify that the entirety of the new version of § 1915 was to apply only to prisoner litigation. The appearance of the phrase "such prisoner," without more, cannot reasonably be interpreted as effecting such a sweeping change. *See also Floyd v. U.S. Postal Service,* 105 F.3d 274, 275–277 (6th Cir.1997) (concluding that non-inmates may proceed *in forma pauperis* under the new version of § 1915(a)(1), based on "legislative history, basic axioms of statutory interpretation, and ... a little common sense").

■ Moreover, regardless of the subject matter of the suit, Powell is a "prisoner" for purposes of § 1915:

> As used in this section, the term 'prisoner' means any person incarcerated in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms

---

1. *McTeague* involved, like the instant case, a complaint regarding child custody proceedings. The Third Circuit determined that the complaint was not frivolous. However, the law on which it based that conclusion was the law in effect at the time the district court dismissed the complaint as frivolous. The Supreme Court's decision in *Moore v. Sims,* discussed below, followed that dismissal and provides the basis for our finding that Powell's complaint is frivolous. The Third Circuit in *McTeague* did not consider the opinion in *Moore* in reaching its decision (except to note that the dismissal predated the *Moore* opinion).

and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915(h). Nothing in this subsection requires that the case for which a prisoner seeks *in forma pauperis* status be related to the fact of incarceration or conditions of confinement, and Powell is a "prisoner" for purposes of the statute.

█ Such being the case, Powell is required under § 1915(a)(2) to submit a certified copy of his trust fund account statement for the 6–month period immediately preceding the filing of the complaint. No such statement was filed with Powell's motion to proceed *in forma pauperis.* Although Powell has paid the initial filing fee, the motion is not thereby rendered moot because (1) he indicates that he intends to recover the fee and (2) any further filing fee, as for an appeal or petition for a writ of certiorari, would not have to be paid if the motion were to be granted and this court did not certify that an appeal was not taken in good faith. Sec. 1915(a)(3).

█ The next question is the review of the motion to proceed *in forma pauperis* and of the complaint. The Third Circuit has described the process as follows:

> District courts in this Circuit use a two-step analysis in evaluating *in forma pauperis* complaints. First, a judge evaluates the plaintiff's affidavit of poverty, construing it as a motion to proceed *in forma pauperis,* and determines whether the plaintiff is financially eligible to proceed without prepayment of fees. Second, the district judge assesses the complaint to determine whether it is legally frivolous. *Roman [v. Jeffes],* 904 F.2d [192,] 194 n. 1 [ (3d Cir.1990) ]. If it is not, the district judge authorizes issuance of the summons and service of the complaint. (There is no reason to think that the procedure will be any different under the new version of § 1915, although the financial and substantive considerations will differ.) . . .

*Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 455 n. 4 (3d Cir.1996). Since the Third Circuit was reviewing an order of a magistrate judge dated April 5, 1995, the new provisions of § 1915 were not at issue,

and the parenthetical statement regarding the amended version of the statute is properly viewed as *obiter dicta.*

The relevant provision of the pre-amendment version of the statute read:

> The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Former 28 U.S.C. § 1915(d). As amended and renumbered, the provision now reads:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). The earlier version of § 1915 did not contain the "at any time" language, and that language is a reason to think that the procedure will be different under the new version of § 1915. Specifically, "at any time" would include a time prior to granting the application to proceed *in forma pauperis.* Moreover, the fact that the filing fee has been paid does not affect the authority of the court to dismiss the case, based on the introductory language of the last-quoted provision. *See also* 28 U.S.C. § 1915A(a) (requiring court to conduct initial review of complaint by prisoner against governmental entities, officials and/or employees as soon as practicable, including before docketing if feasible).

For these reasons, we find that: (1) § 1915 is applicable; (2) Powell is a "prisoner" for purposes of § 1915; (3) the payment of the filing fee does not render moot the motion to proceed *in forma pauperis;* and (4) the court may review the complaint for merit without ruling on the motion to proceed *in forma pauperis.*

## II. MERITS OF POWELL'S COMPLAINT

The next question is whether the allegations of Powell's complaint fall into one of the categories which would require dismissal, i.e. frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant with immunity. Since no money damages are sought, *see* complaint ·at 6–7, *ad damnum* clause, the latter category clearly is inapplicable.

With respect to the standard for finding the complaint frivolous or malicious, Congress did not change the language of the statute in this regard. We therefore continue to apply the same standard which applied before the PLRA was enacted.

Courts were authorized under former § 1915(d) to dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous or malicious." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Dismissal on that ground could be made *sua sponte* prior to the issuance of process, to spare prospective defendants the inconvenience and expense of responding to frivolous or malicious allegations. A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Id.* at 325, 109 S.Ct. at 1831. In making this determination, the court is not bound to the facts alleged in the complaint, but may look beyond the pleadings to other judicially noticeable, as well as "fanciful," "fantastic," or "delusional" facts. *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

■ The reviewing court also must dismiss the complaint pursuant to § 1915(e)(2)(B)(ii) if the complaint fails to state a claim upon which relief can be granted, the language used in Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) admits the well pleaded allegations of the complaint, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976). The complaint must be construed in favor of the plaintiff with every doubt resolved in the plaintiff's favor. *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 422 (E.D.Pa.1981). That is, the court must accept as true all factual allegations set forth in the complaint as well as all reasonable inferences that can be drawn from them. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The court looks only to the facts alleged in the complaint and any attachments, without reference to any other parts of the record. *Jordan* at 1261. "[A] case should not be dismissed unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations." *Id.* (citing, *inter alia, Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). Whether a plaintiff will ultimately prevail is not a consideration for review of a motion under Rule 12(b)(6). *Nami* at 65. Under the new version of § 1915, the complaint may be dismissed absent a motion under Rule 12(b)(6), since defendants will not have been served.

According to the complaint, Powell is the natural father of Aaron Blair Powell, born April 25, 1988 (and therefore a minor). Aaron resides with his grandmother, defendant Kay F. Hoover[2]; the complaint states that Hoover is Aaron's "parental" grandmother, which may mean "paternal," making Hoover Powell's mother. Defendant the Honorable Edgar B. Bayley is a judge of the Court of Common Pleas of Cumberland County, presiding over a custody dispute concerning

---

2. As noted, Powell is incarcerated, apparently the reason that custody was granted to Hoover when Elizabeth Powell, Aaron's mother, died in October, 1995. A search of the Westlaw database does not return an opinion indicating the reason for Powell's incarceration, as the only results returned are unpublished dispositions. *Commw. v. Powell,* 433 Pa.Super. 655, 639 A.2d 841 (1993) (table), *appeal after remand, Commw. v. Powell,* 434 Pa.Super. 722, 643 A.2d 707 (table), *allocatur denied,* 539 Pa. 648, 651 A.2d 536 (1994) (table); *Commw. v. Powell,* 357 Pa.Super. 638, 513 A.2d 1078 (1986), *allocatur denied,* 517 Pa. 592, 535 A.2d 82 (1987). Why Judge Bayley should consider custody by an inmate to be in the best interest of Aaron is not recited in the complaint (no projected release date is indicated). Powell indicates only that Aaron actually ·would be cared for by Powell's father.

Aaron docketed to No. 95–6570. The action was initiated by Hoover in November, 1995.[3] An earlier ruling by Judge Bayley was reversed and remanded by the Superior Court, although Powell does not indicate what the ruling was, nor is the opinion published. *Hoover v. Powell,* 454 Pa.Super. 712, 685 A.2d 1049 (1996) (table).

Following the death of Elizabeth Powell, Aaron lived with Hoover against Powell's wishes for about a month before the custody matter was initiated. Judge Bayley has refused to acknowledge or address a claim by Powell that the matter violates Powell's "fundamentally [sic] liberty interests in plaintiff's family life as protected by the Fourteenth Amendment . . ." Complaint at 2.

The remainder of the complaint consists of legal arguments as to why Powell should be granted custody of Aaron under Pennsylvania law, using some terminology implicating federal constitutional rights.

■ Powell is correct in his assessment that an individual has a protected liberty interest in certain matters of family life. *Jackson v. Garland,* 424 Pa.Super. 378, 622 A.2d 969, 971 (1993) (citing *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Weber v. Weber,* 362 Pa.Super. 262, 524 A.2d 498 (1987), *allocatur dismissed,* 517 Pa. 458, 538 A.2d 494 (Pa. 1988) (per curiam)). However, a liberty interest is not absolute and may be outweighed by a substantial interest on the part of the state. In *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979), the Supreme Court held that the exercise of federal jurisdiction over a child custody action seeking injunctive relief was improper, and the district court should have abstained under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

■ Abstention under *Younger,* which originally was applicable to pending state criminal proceedings, has been extended to pending state civil proceedings. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). There are three requirements for *Younger* abstention to apply: (1) pending or on-going state proceedings which are judicial in nature; (2) the state proceedings must implicate an important state interest; and (3) the state proceedings must afford an adequate opportunity to raise any constitutional issues. *O'Neill v. City of Philadelphia,* 32 F.3d 785, 789 (3d Cir.1994) (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *Olde Discount Corp. v. Tupman,* 1 F.3d 202, 211 (3d Cir.1993), *cert. denied,* 510 U.S. 1065, 114 S.Ct. 741, 126 L.Ed.2d 704 (1994)), *cert. denied,* —— U.S. ——, 115 S.Ct. 1355, 131 L.Ed.2d 213 (1995). Once these requirements are met, the federal court must abstain unless there is a showing of bad faith, harassment, or other extraordinary circumstance. *O'Neill* at 789 n. 11 (citing *Middlesex,* 457 U.S. at 435, 102 S.Ct. at 2523).

■ In this instance, there are on-going proceedings in the Court of Common Pleas, so that the first prong is easily met. As noted, the Supreme Court held in *Moore* that custody proceedings implicate an important state interest. *See also O'Neill* at 792 (citing *Moore* for the same proposition). There is no reason that Powell cannot raise any constitutional issue in the state courts, as the *Jackson* case indicates that such issues will be considered in those courts.

Of course, the issues raised by Powell in the complaint all relate to state law, i.e. whether Hoover has standing to proceed in the custody matter, and whether Judge Bayley therefore should be hearing the case. There is no reason such matters may not be taken up in the Court of Common Pleas or the state appellate courts. All of the requirements for *Younger* abstention have been met, and none of the exceptions apply.

---

3. This is not, however, the first custody dispute in which Powell has engaged, nor is this the first instance in which a dispute over custody of Aaron has been presented to this court. *See Powell v. Powell,* 793 F.Supp. 105 (M.D.Pa.1992) (McClure, J.; dismissing for lack of federal jurisdiction a petition for a writ of habeas corpus the essence of which was a collateral attack on a custody ruling, David B. Powell petitioner). It appears, based on litigation during the same period, that Powell pursued custody in the state courts as well. *Powell v. Powell,* 432 Pa.Super. 675, 633 A.2d 1230, *allocatur denied,* 535 Pa. 669, 634 A.2d 1117 (1993).

All of the authorities recited above indicate clearly that Powell is not entitled to relief in this court. The case will be dismissed as frivolous and for failing to state a claim upon which relief can be granted under § 1915(e)(2).

### III. CONCLUSION

For the foregoing reasons, this court will abstain from exercising jurisdiction over this matter.

The only remaining issue would be whether to dismiss the action or to stay these proceedings pending the outcome of the state proceedings. In *Moore*, the Supreme Court directed the dismissal of the federal case based on *Younger* abstention. This court will do the same.

The court having determined that the complaint should be dismissed, the motion to proceed *in forma pauperis* is rendered moot and will be denied.

An order consistent with this memorandum will issue.