Lolita Jo SCHAGENE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–266C.

United States Court of Federal Claims.

April 9, 1997.

1. The filing fee for an action in this court is set by statute, 28 U.S.C. § 1926(a), and incorporated in the court's rules, Rule of the Court of Federal Claims (RCFC) 77(k). The clerk of the court is required by statute to "pay into the Treasury all fees, costs and other moneys collected by him." 28 U.S.C. § 791(b). Therefore, a waiver of the

**ORDER**

WEINSTEIN, Judge.

Plaintiff has moved to proceed *in forma pauperis* with her complaint against the United States. That motion is granted. The clerk of the court is directed to file the complaint as of the original date of receipt. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for being frivolous and for failure to state a claim on which relief may be granted.

Plaintiff's motion to proceed *in forma pauperis* raises an interesting question. Access to the courts of the United States for even the poorest of citizens has long been a right in this country. Congress first granted federal courts the authority to allow indigent plaintiffs to proceed without paying federal court filing costs in 1892.[1] *See* 28 U.S.C. § 1915; *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

In enacting the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996) last year, Congress intended to discourage "frivolous and abusive prison lawsuits." H.R.Rep. No. 104–378 at 166 (1995), and to prevent convicted criminals from receiving "preferential treatment" to that of "average law-abiding citizens." 144 Cong. Rec. 575251 daily ed. May 25, 1995 (statement of Sen. Dole). However, in amending 28 U.S.C. § 1915, the federal *in forma pauperis* statute Congress also amended the general section of the statute, § 1915(a)(1), in such a manner as to possibly eliminate that right for non-prisoners.

Currently, after the 1996 amendment, § 1915(a)(1) reads:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,

filing fees, absent statutory authority, would be tantamount to an award of money against the United States not based on a contract, statute, regulation, or constitutional provision, and would be outside this court's statutory jurisdiction under 28 U.S.C. § 1491(a).

or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit *that includes a statement of all assets such prisoner possesses* that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (emphasis added).

The 1995 conference committee amendments to an earlier version of the bill added for the first time the highlighted phrase "that includes a statement of all assets such prisoner possesses," to what became the final version of the amendments. Use of the word "prisoner," instead of "person," acts to limit application of the statute to prisoners only. Thus, in its attempt to restrict prisoners' access to federal courts, Congress *eliminated* those rights for non-prisoners.[2]

■ When determining the meaning of a statute, courts must look first to its text. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (*citing United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241–242, 109 S.Ct. 1026, 1030–1031, 103 L.Ed.2d 290 (1989); *United States v. Goldenberg*, 168 U.S. 95, 102–103, 18 S.Ct. 3, 4, 42 L.Ed. 394 (1897); *Oneale v. Thornton*, 6 Cranch 53, 68, 3 L.Ed. 150 (1810)).

Judicial inquiry may extend further than the words of a statute only when the language is ambiguous. *Connecticut Nat. Bank*, 503 U.S. at 254, 112 S.Ct. at 1149–1150 (*citing Rubin v. United States*, 449 U.S. 424,

430, 101 S.Ct. 698, 701–702, 66 L.Ed.2d 633 (1981); *Ron Pair Enters.*, 489 U.S. at 241, 109 S.Ct. at 1030).

A court should look beyond the language of the text of a statute and should delve into other extrinsic indicia of legislative intent, such as legislative history, only in the rare instance where a literal reading of a statute will produce an absurd result. *Int'l Primate Protection League v. Admin. of Tulane Educ. Fund*, 500 U.S. 72, 84–86, 111 S.Ct. 1700, 1708, 114 L.Ed.2d 134, 148–150 (1991) (citing *Public Citizen v. Department of Justice*, 491 U.S. 440, 454, 109 S.Ct. 2558, 2566–2567, 105 L.Ed.2d 377 (1989) (quoting *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 509, 109 S.Ct. 1981, 1984–1985, 104 L.Ed.2d 557 (1989)) (Scalia, J. concurring) (appropriate to consult legislative history of statute which, if interpreted literally, produces absurd result). *See Green v. Bock Laundry* at 526, 109 S.Ct. at 1993. *Ron Pair Enters.*, 489 U.S. at 242, 109 S.Ct. at 1030–1031; *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982); *Commissioner v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965); *Helvering v. Hammel*, 311 U.S. 504, 510–511, 61 S.Ct. 368, 371–372, 85 L.Ed. 303 (1941)).

Here, the awkwardness of the sentence's grammar, the unusual use of the narrow term "prisoner" to modify a sentence that elsewhere refers to the broad term "person," and the omission of the word "and," *see supra* note 2, create facial ambiguity. This is one of those rare circumstances where congressional intent rather than the language of the statute must prevail.

This court has reviewed the legislative history of the Prison Litigation Reform Act and found no expression of an intent to eliminate the access of indigent non-prisoners to the courts.[3] Recently, the U.S. Court of Appeals

---

**2.** Use of the word "prisoner" does not appear to be the only typographical error in the amended statute. In order for the first sentence of § 1915(a)(1) to make sense, the word "and" must be inserted between "possesses" and "that" following the word "prisoner." In all likelihood, Congress intended the last part of the sentence to read: "by a person who submits an affidavit that includes a statement of all assets such *person* possesses *and* that the person is unable to pay

such fees or give security therefor." Alternatively, this phrase may have been misplaced in § 1915(a)(1), belonging, instead, in a separate subsection dealing exclusively with prisoners. *See* S.3, 104th Cong. (1995).

**3.** In introducing an earlier version of the bill, U.S. Senator Kyl, one of the bill's co-sponsors, made the point that prisoners should not have easier access to the courts than non-prisoners.

for the Sixth Circuit performed a similar review and reached the same conclusion. *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275–77 (6th Cir.1997). The Sixth Circuit thus substituted "person possesses" for the phrase "prisoner possesses." *Id.* The only other appeals court to consider the question, the Second Circuit, read the amendment the same way (but without explanation). *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir.1996) (placing [sic] after the term "prisoner" and [and] between "possesses" and "that"); *see also Powell v. Hoover*, 1997 WL 106381 (M.D.Pa.1997).

After reviewing the legislative history, this court agrees with the Sixth and Second Circuits that the waiver of court fees for qualified non-prisoner indigent litigants pursuant to 28 U.S.C. § 1915(a) was not intended to be eliminated by the recent amendment. It appeals to Congress for an expeditious correction of these obvious errors.

Having concluded that plaintiff may proceed *in forma pauperis*, the court considers the substance of the complaint, which consists of thirty handwritten pages. This complaint clearly qualifies under *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), in which the Supreme Court confirmed that trial courts can dismiss a claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it is "fanciful," "fantastic," or "delusional." *Id.* at 32–33, 112 S.Ct. at 1733–34 (discussing similar provision in earlier version of the statute). Plaintiff also fails to articulate any comprehensible basis for recovery of damages from the United States in this court. Therefore, the complaint is dismissed as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

"Unlike other prospective litigants who seek poor person status, prisoners have all the necessities of life supplied, including the materials required to bring their lawsuits." 141 CONG. REC. 7526 (daily ed. May 25, 1995) (statement of Sen. Kyl).

1. This opinion was originally issued and filed under seal on March 31, 1997. After giving the

Accordingly, the Clerk is directed to file the complaint as of the original date of receipt, and then to dismiss it.