**Steven T. WALTNER and Sarah V. Waltner, Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**No. 10–225T.**

United States Court of Federal Claims.

Filed: May 7, 2010.

Issued for Publication: June 21, 2010.[1]

**1.** An earlier order was issued on May 7, 2010 regarding *In Forma Pauperis* status, pending a submission by plaintiff Sarah V. Waltner.

Steven T. Waltner and Sarah V. Waltner, Avondale, AZ, pro se.

David Raymond House, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for the defendant.

## ORDER

MARIAN BLANK HORN, Judge.

Before the court is *pro se,* plaintiff Steven T. Waltner's Application to Proceed *In Forma Pauperis,* filed on April 12, 2010. In order to provide access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) of the Rules of the United States Court of Federal Claims, 28 U.S.C. § 1915 (2006) permits a court to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [2] possesses [and] that the person is unable to pay such

fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

In enacting the *in forma pauperis* statute, 28 U.S.C. § 1915, Congress recognized that " 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see also McCullough v. United States,* 76 Fed.Cl. 1, 3 (2006), *appeal dismissed,* 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007). Accordingly, Congress included subsection (e) in the *in forma pauperis* statute, which allows courts to dismiss lawsuits determined to be "frivolous or malicious." 28 U.S.C. § 1915(e). The United States Supreme Court has found that "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless' ... a category encompassing allegations that are 'fanciful' ... 'fantastic' ... and 'delusional....' " *Denton v. Hernandez,* 504 U.S. at 32–33, 112 S.Ct. 1728 (internal citations omitted); *see also McCullough v. United States,* 76 Fed.Cl. at 3; *Schagene v. United States,* 37 Fed.Cl. at 663. Courts, however, should exercise caution in dismissing a case under section

---

2. A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding *in forma pauperis* applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court. *See, e.g., Floyd v. United States Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir.), *reh'g denied* (6th Cir.1997); *Schagene v. United States,* 37 Fed.Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the *in forma pauperis* right of access to federal courts of eligible, indigent, non-prisoners), *appeal dismissed,* 152 F.3d 947, 1998 WL 187786 (Fed.Cir. 1998); *see also In re Prison Litigation Reform Act,* 105 F.3d 1131, 1134 (6th Cir.1997) (discussing how to administer *in forma pauperis* rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for *in forma pauperis* status); *Leonard v. Lacy,* 88 F.3d 181, 183 (2d Cir.1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) seemingly to indicate that the use of that word was too narrow); *Powell v. Hoover,* 956 F.Supp. 564, 566 (M.D.Pa.1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1)] is that it is not limited to prisoner suits."). Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once. This court, therefore, finds that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court *in forma pauperis,* provided that the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915.

1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. *See Denton v. Hernandez,* 504 U.S. at 33, 112 S.Ct. 1728. As stated by the United States Supreme Court, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* A preliminary review of the plaintiffs' complaint, including attached documents, demonstrates that the complaint may contain meritorious claims and bears further review.

■ In addition to permitting courts to dismiss a lawsuit if the claim is frivolous or malicious, section 1915(e) also permits courts to dismiss a claim if the allegation of poverty is untrue or if the lawsuit fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). In the case currently before the court, there is no evidence that the allegations of poverty by the plaintiffs are untrue. Although not all counts of the complaint may assert a proper basis for jurisdiction, it is premature to conclude that the complaint fails to state a claim on which relief may be granted. Finally, plaintiffs are not seeking monetary relief against a defendant who is immune from the relief requested. Plaintiffs' action is for a tax refund suit against the United States, and section 7422(a) of the Internal Revenue Code, 26 U.S.C. § 7422(a), provides a specific waiver of sovereign immunity that permits tax refund suits. *See, e.g., Chicago Milwaukee Corp. v. United States,* 40 F.3d 373, 374 (Fed.Cir.1994); *Edwards v. United States,* 92 Fed.Cl. 277, 280–81 (Fed.Cl.2010).

■ The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed *in forma pauperis* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York,* 195 F.Supp.2d 534, 536

(S.D.N.Y.), *aff'd,* 52 Fed.Appx. 157 (2d Cir. 2002) This court and its predecessors were established to make available a user friendly forum in which plaintiffs can submit their legitimate claims against the sovereign, limited only by the legislative decision to waive sovereign immunity as to the types of claims allowed. In fact, prominently posted at the entrance to this courthouse are the words of Abraham Lincoln: "It is as much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals."

Interpreting an earlier version of the *in forma pauperis* statute, 28 U.S.C. § 1915, the United States Supreme Court offered the following guidance:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty "pay or give security for the costs ... and still be able to provide" himself and dependents "with the necessities of life." To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.

*Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40, 69 S.Ct. 85, 93 L.Ed. 43 (1948) (omissions in original).

■ A Judge of the United States Court of Federal Claims more recently indicated that, "the threshold for a motion to proceed *in forma pauperis* is not high: The statute

requires that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed.Cl. 59, 62 (2007); *see also Hayes v. United States,* 71 Fed.Cl. 366, 369 (2006).

■ Plaintiff Steven T. Waltner, apparently on behalf of the husband and wife plaintiffs who filed the action, completed the Application to Proceed *In Forma Pauperis.* Although the income and assets information submitted does not specifically offer information for plaintiff Sarah V. Waltner, the Application to Proceed *In Forma Pauperis* indicates that "unemployment compensation ($1,139.50/mo) + food stamps ($512.00/mo) supports ourselves + our two children," suggesting the application addresses all family income and assets. Similarly, other responses as to assets are couched with the term "we own." Applicant states he and his wife support their two school-aged children and that he has not been employed since May 15, 2009. Based on the information submitted, plaintiffs' annual income, based on twelve months of unemployment compensation and food stamps, is calculated at $19,818.00, which places the family below the 2009 poverty guidelines for a four-person family, which is an annual income of $22,050.00. *See Annual Update of the HHS Poverty Guidelines,* 74 Fed.Reg. 4199–04 (Jan. 23, 2009).[3] The value of cash, checking, saving, or other accounts is listed on the application as approximately $200.00. The application states that plaintiffs own their house, but that they are unable to afford the monthly mortgage payments and states that their mortgage is "upside down" because the plaintiffs estimate their mortgage exceeds the value of the house by at least $155,000.00. Plaintiffs also claim one motorcycle worth $2,000.00 and one truck worth $8,000.00, but with a $3,000.00 obligation remaining.

■ Although each application to qualify for *in forma pauperis* status must be re-

viewed independently, Judges of the United States Court of Federal Claims have granted Applications to Proceed *In Forma Pauperis* under similar circumstances as those in which these plaintiffs find themselves. The Judge in *Fiebelkorn v. United States* considered plaintiff's Application to Proceed *In Forma Pauperis* and noted that included in plaintiff's filings was a Certificate of Counseling that calculated plaintiff's net worth as negative $13,687.00 *See Fiebelkorn v. United States,* 77 Fed.Cl. at 61. The court stated, "[p]laintiff is hovering close to one measure of poverty, she owes a large debt despite her financial limitations, her net worth is negative, her monthly budget exceeds her monthly income, and another federal program has deemed plaintiff eligible for assistance reserved for the poor. Together, the foregoing serve to satisfy the court that payment of the fee would constitute a hardship on plaintiff." *Id.* at 63. For which reasons, the *Fiebelkorn* court granted *in forma pauperis* status to the plaintiff.

Similarly, in *Piper v. United States,* 90 Fed.Cl. 498 (2009), aff'd, No. 2010–5082, 374 Fed.Appx. 957, 2010 WL 1784724 (Fed.Cir. May 5, 2010) another Judge of this court noted that in his Application to Proceed *In Forma Pauperis,* the plaintiff indicated he had been unemployed since June 2007, "that he receives an unspecified amount of pension, annuity, or life insurance payments, that he has less than $1,300 in bank accounts, and that he owns a house that is currently appraised at $155,000," and a limited retirement, annuity payment. *Id.* at 509. The court stated, "[a]lthough plaintiff does not disclose his current income from his pension, annuity, or life insurance on his application, as required, one exhibit to his complaint indicates that he received $8,650 from his retirement annuity in 2006 and another exhibit indicates that he receives a $435 monthly retirement annuity payment. . . . The court is satisfied that plaintiff's apparently limited amount of retirement income, lack of employment, and small sum of liquid assets renders him unable to pay the filing fee." *Id.* at 509–

---

**3.** It was announced that the 2010 poverty guidelines would not be released until at least May 31, 2010. *See* Continuing Extension Act of 2010,

Pub.L. 111–157, § 6, 124 Stat. 1116 (2010). To date there not been a release for 2010.

10 (footnotes omitted). Therefore, the Piper court granted plaintiff's application to proceed *in forma pauperis. Id.* at 510.

Likewise, in *Jackson v. United States,* 80 Fed.Cl. 560 (2008), *aff'd,* No. 08–5060 (Fed. Cir. mandate issued Sept. 29, 2008), a third Judge of the Court of Federal Claims granted the plaintiff *in forma pauperis* status. *Id.* at 564. In reviewing the plaintiff's application to proceed *in forma pauperis,* the court noted, "[i]n Mr. Jackson's application he attests that he has not been employed since June 2, 2001; that his only assets are a bank account containing less than $200 and a one-half ownership interest in his home; and that his only income in the last twelve months was 'pennies in interest' on his bank balance." *Id.* at 563. The court concluded that Mr. Jackson was "financially eligible to proceed *in forma pauperis.*" *Id.*

It appears that the *pro se* plaintiff Steven T. Waltner has attempted to complete the Application to Proceed *In Forma Pauperis* in good faith. The complaint states a claim on which relief may be granted depending on further proceedings. Based on the submission, plaintiffs' financial information demonstrates an inability to meet existing financial demands, with virtually no liquid assets and an annual income level below the government established poverty line. The plaintiff Steven T. Waltner has demonstrated that the plaintiffs are "unable to pay such fees" or give security therefor, in order to pursue this action *in forma pauperis.*

Subsequently, at the court's request, plaintiff Sarah V. Waltner, on May, 17, 2010, also submitted an affidavit in support of the Application to Proceed *In Forma Pauperis.* Ms. Waltner submitted her affidavit "with apologies to the Court" because although the Application to Proceed *In Forma Pauperis* was submitted on behalf of both plaintiffs, Ms. Waltner "neglected to sign the form, not realizing my signature was required." In her affidavit, Ms. Waltner stated that the Application to Proceed *In Forma Pauperis* was submitted to proceed without paying the requisite filing fees because "together with my husband, I am insolvent" and "because of my poverty, I am unable to pay such fees and that I believe I am entitled to relief." In her affidavit, Ms. Waltner stated that the "nature of my action, or the issues I intend to present are the same as my husband's stated in his Application to Proceed *In Forma Pauperis.*" Ms. Waltner also stated that she has not received any independent or additional assets, nor does she have any independent or additional sources of income from those included in Steven T. Waltner's Application to Proceed *In Forma Pauperis.* Ms. Waltner concluded by noting that the Application to Proceed *In Forma Pauperis* "represents our total family income." Therefore, based on the submission provided to the court, the application to proceed in Case No. 10–225T *in forma pauperis* is **GRANTED.**

**IT IS SO ORDERED.**