LaTonya Chiree **MOORE,** Plaintiff,

v.

**UNITED STATES,** Defendant.

No. 10–357C.

United States Court of Federal Claims.

July 16, 2010.

---

LaTonya Chiree Moore, Washington, D.C., pro se.

Russell A. Shultis, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., for the defendant.

## ORDER

MARIAN BLANK HORN, Judge.

Before the court is *pro se* plaintiff LaTonya Chiree Moore's Application to Proceed *In Forma Pauperis*, filed on June 9, 2010. In order to provide access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) of the Rules of the United States Court of Federal Claims, 28 U.S.C. § 1915 (2006) permits a court to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [1] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,

---

1. A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding *in forma pauperis* applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court. *See, e.g., Floyd v. United States Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir.), *reh'g denied* (6th Cir.1997); *Schagene v. United States,* 37 Fed.Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the *in forma pauperis* right of access to federal courts of eligible, indigent, nonprisoners), *appeal dismissed,* 152 F.3d 947, 1998 WL 187786 (Fed.Cir. 1998); *see also In re Prison Litigation Reform Act,* 105 F.3d 1131, 1134 (6th Cir.1997) (discussing how to administer *in forma pauperis* rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for *in forma pauperis* status); *Leonard v. Lacy,* 88 F.3d 181, 183 (2d Cir.1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1), seemingly to indicate that the use of that word was too narrow); *Powell v. Hoover,* 956 F.Supp. 564, 566 (M.D.Pa.1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1) ] is that it is not limited to prisoner suits."). Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once. This court, therefore, finds that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court *in forma pauperis,* provided that the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915.

defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

■ In enacting the *in forma pauperis* statute, 28 U.S.C. § 1915, Congress recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see also McCullough v. United States,* 76 Fed.Cl. 1, 3 (2006), *appeal dismissed,* 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007). Accordingly, Congress included subsection (e) in the *in forma pauperis* statute, which allows courts to dismiss lawsuits determined to be "frivolous or malicious." 28 U.S.C. § 1915(e). The United States Supreme Court has found that "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless'... a category encompassing allegations that are 'fanciful'... 'fantastic'... and 'delusional....'" *Denton v. Hernandez,* 504 U.S. at 32–33, 112 S.Ct. 1728 (internal citations omitted); *see also McCullough v. United States,* 76 Fed.Cl. at 3; *Schagene v. United States,* 37 Fed.Cl. at 663. Courts, however, should exercise caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. *See Denton v. Hernandez,* 504 U.S. at 33, 112 S.Ct. 1728. As stated by the United States Supreme Court, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* In addition to permitting courts to dismiss a lawsuit if the claim is frivolous or malicious, section 1915(e) also permits courts to dismiss a claim if the allegation of poverty is untrue or if the lawsuit fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e).

■ The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore, whether to allow a plaintiff to proceed *in forma pauperis* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York,* 195 F.Supp.2d 534, 536 (S.D.N.Y.), *aff'd,* 52 Fed.Appx. 157 (2d Cir. 2002) This court and its predecessors were established to make available a user friendly forum in which plaintiffs can submit their legitimate claims against the sovereign, limited only by the legislative decision to waive sovereign immunity as to the types of claims allowed. In fact, prominently posted at the entrance to this courthouse are the words of Abraham Lincoln: "It is as much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals."

Interpreting an earlier version of the *in forma pauperis* statute, 28 U.S.C. § 1915, the United States Supreme Court offered the following guidance:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty "pay or give security for the costs ... and still be able to provide" himself and dependents "with the necessities of life." To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in

order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.

*Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40, 69 S.Ct. 85, 93 L.Ed. 43 (1948) (omission in original).

■ A Judge of the United States Court of Federal Claims more recently indicated that, "the threshold for a motion to proceed *in forma pauperis* is not high: The statute requires that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed.Cl. 59, 62 (2007); *see also Hayes v. United States,* 71 Fed.Cl. 366, 369 (2006).

■ Plaintiff LaTonya Chiree Moore submits various reasons as to why she is unable to pay filing fees. Although plaintiff did not fill out the Application to Proceed *In Forma Pauperis,* in full, it appears that plaintiff is employed in Washington, D.C., and that her monthly income is $1,400.00. Plaintiff does not provide the name of her employer, as required. In response to the question, "[h]ave you received within the past twelve months any money from any of the following sources?" the plaintiff fails to respond whether she has received any money from: business, profession or other form of selfemployment; rent payments, interests or dividends; pensions, annuities or life insurance payments; and gifts or inheritances. Plaintiff responds, however, that she did receive money from "other sources." Plaintiff lists her income from "other sources" as "Social Services" and "Temporary Cash Assistance," in undisclosed sums. She indicates she has $800.00 in savings. Plaintiff states that she does not own real estate, stocks, bonds, notes, automobiles, or other valuable property. Plaintiff also states that she has three children. Plaintiff does not indicate whether or how much she contributes toward supporting the three children. In other sections of her application, however, plaintiff implies that the nature of the action she intends to present involves her and three children, and although she "called the White House, FBI, Governors, CIA, Secret Service," she is "being denied legal help."

Based on the information submitted, plaintiff's annual income is calculated at $16,800.00, not including "Social Services" and "Temporary Cash Assistance." An annual income of $16,800.00 places plaintiff and her three dependants below the 2009 poverty guidelines for a four-person family, which is an annual income of $22,050.00. *See Annual Update of the HHS Poverty Guidelines,* 74 Fed.Reg. 4199–04 (Jan. 23, 2009).[2]

Although each application to qualify for *in forma pauperis* status must be reviewed independently, Judges of the United States Court of Federal Claims, including the undersigned, have granted Applications to Proceed *In Forma Pauperis* in a variety of circumstances. For example, in *Waltner v. United States,* 93 Fed.Cl. 139 (2010), the court granted *in forma pauperis* status to husband and wife applicants who reported two dependant children and an annual income of $19,818.00, which was below the poverty guidelines. *Id.* at 143–44 (citation and footnote omitted). Mr. Waltner stated that he had not been employed since May 15, 2009; that the couple lived on unemployment compensation and food stamps; and that they had $200.00 in liquid assets. *Id.* Additionally, the Waltner's mortgage exceeded their home's value, and their vehicles, combined, had a net worth of $7,000.00. *Id.*

In *Piper v. United States,* 90 Fed.Cl. 498 (2009), *aff'd,* No. 2010–5082, 2010 WL 1784724 (Fed.Cir. May 5, 2010) another Judge of this court noted that in his Application to Proceed *In Forma Pauperis,* the plaintiff indicated he had been unemployed since June 2007, "that he receives an unspecified amount of pension, annuity, or life insurance payments, that he has less than $1,300 in bank accounts, and that he owns a house that is currently appraised at $155,000," and a limited retirement, annuity

---

**2.** It was announced that the 2010 poverty guidelines would not be released until at least May 31, 2010. *See* Continuing Extension Act of 2010, Pub.L. 111–157, § 6, 124 Stat. 1116 (2010). To date there has not been a release of the poverty guidelines for 2010.

payment. *Id.* at 509. The court stated, "[a]lthough plaintiff does not disclose his current income from his pension, annuity, or life insurance on his application, as required, one exhibit to his complaint indicates that he received $8,650 from his retirement annuity in 2006 and another exhibit indicates that he receives a $435 monthly retirement annuity payment.... The court is satisfied that plaintiff's apparently limited amount of retirement income, lack of employment, and small sum of liquid assets renders him unable to pay the filing fee." *Id.* at 509–10 (footnotes omitted). Therefore, the *Piper* court granted plaintiff's application to proceed *in forma pauperis. Id.* at 510.

In *Jackson v. United States,* 80 Fed.Cl. 560, *aff'd,* No. 08–5060 (Fed.Cir.2008), a third Judge of the Court of Federal Claims granted the plaintiff *in forma pauperis* status. *Id.* at 564. In reviewing the plaintiff's application to proceed *in forma pauperis,* the court noted, "[i]n Mr. Jackson's application he attests that he has not been employed since June 2, 2001; that his only assets are a bank account containing less than $200, a one-half ownership interest in his home; and that his only income in the last twelve months was 'pennies in interest' on his bank balance." *Id.* at 563. The court concluded that Mr. Jackson was "financially eligible to proceed *in forma pauperis." Id.*

Likewise, the Judge in *Fiebelkorn v. United States* considered plaintiff's Application to Proceed *In Forma Pauperis* and noted that included in plaintiff's filings was a Certificate of Counseling that calculated plaintiff's net worth as negative $13,687.00. *See Fiebel-*

*korn v. United States,* 77 Fed.Cl. at 61. The court stated, "[p]laintiff is hovering close to one measure of poverty, she owes a large debt despite her financial limitations, her net worth is negative, her monthly budget exceeds her monthly income, and another federal program has deemed plaintiff eligible for assistance reserved for the poor. Together, the foregoing serve to satisfy the court that payment of the fee would constitute a hardship on plaintiff." *Id.* at 63. For which reasons, the *Fiebelkorn* court granted *in forma pauperis* status to the plaintiff.

It appears that *pro se* plaintiff LaTonya Chiree Moore, has attempted to complete the Application to Proceed *In Forma Pauperis* in good faith. Based on the submission, albeit incomplete, plaintiff's financial information demonstrates an inability to meet existing financial demands, with very few liquid assets and an annual income level below the government established poverty line. Plaintiff LaTonya Chiree Moore has demonstrated that she is "unable to pay such fees" or give security therefor, in order to pursue this action *in forma pauperis.* Therefore, based on the submission provided to the court, the application to proceed in Case No. 10–357C *in forma pauperis* is **GRANTED.**

**IT IS SO ORDERED.**