**Lord Keenan Kester COFIELD, Applicant,**

v.

**The UNITED STATES.**

**Betty J. COTNER, et al., Applicants,**

v.

**The UNITED STATES.**

**Marilyn LUFKIN and Martin L. Bloch, Applicants,**

v.

**The UNITED STATES.**

**Ralph Matthews MALONE, Applicant,**

v.

**The UNITED STATES.**

United States Claims Court.

March 27, 1992.

## ORDER

WEINSTEIN, Judge.

Before this court are applications to proceed *in forma pauperis*,[1] and thus be excused from paying the United States Claims Court's filing fee for complaints. All but one of the application forms are identical or virtually identical to the form required to be filed in federal district courts.[2]

 This court is a court established by Congress under Article I of the United States Constitution, see 28 U.S.C. § 171(a),[3] composed of judges appointed to limited terms, see 28 U.S.C. § 172(a),[4] and thus not "entitled to hold office during good behavior" either by statute or by the Constitution.[5] Consequently, the Claims Court does not come within the definition of a "court of the United States," under 28 U.S.C. § 451. *Overall Roofing & Constr. Inc. v. United States*, 929 F.2d 687, 688 (Fed.Cir.1991) (*citing Essex Electro Eng'rs, Inc. v. United States*, 757 F.2d 247, 251 (Fed.Cir.1985)). *See generally Froudi v. United States*, 23 Cl.Ct. 328 (1991).

---

1. This court's Internal Procedure B–8 (issued as a new procedure on October 4, 1982 and revised January 4, 1985), regarding screening of *pro se* complaints, pursuant to which applicants' application was forwarded to this judge, does not address the issues of fee waiver or *in forma pauperis* applications and sets out a different standard than that used by courts of the United States when dismissing *in forma pauperis* cases for frivolity under 28 U.S.C. § 1915(d).

2. *See* Application to Proceed, Admin. Office Form 240 (Rev. 6/86) (district court form).

3. 28 U.S.C. § 171(a) (1988) provides: "[t]he President shall appoint, by and with the advice and consent of the Senate, sixteen judges who shall constitute a court of record known as the United States Claims Court. The court is declared to be a court established under article I of the Constitution of the United States."

4. 28 U.S.C. § 172(a) (1988) provides: "[e]ach judge of the United States Claims Court shall be appointed for a term of fifteen years."

5. 28 U.S.C. § 451 (1988) provides:

> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

■ The statutory provision permitting waiver of the payment of civil filing fees in federal courts in 28 U.S.C. § 1915 (1988).[6] However, because that authority is granted only to a "court of the United States," it does not apply to this court. *See Lariscey v. United States,* 861 F.2d 1267, 1271–72 (Fed.Cir.1988) ("The Claims Court is not a 'court of the United States' in terms of 28 U.S.C. § 1915."); *cf. Essex,* 757 F.2d at 251 (refusing to read into the term "any court" in 28 U.S.C. § 2412 the definition of "court of the United States" in 28 U.S.C. § 451); Fed.Cir.R.App.P. 24 (permitting parties to actions in district courts to proceed on appeal *in forma pauperis,* if district court so allows, and permitting parties to proceedings before an administrative agency, board, commission or officer to file a motion for leave to so proceed, but providing no basis for parties in Claims Court cases to proceed *in forma pauperis* ). It also bears noting that a provision in a technical amendments bill drafted by members of this court would amend 28 U.S.C. § 2503 to provide that the Claims Court shall be deemed to be a "court of the United States" for purposes of 28 U.S.C. § 1915.

The fee for filing a civil action or proceeding in this court is set, by statute, by the Judicial Conference of the United States, 28 U.S.C. § 1926(a) (1988), and is incorporated in the rules of this court. *See* RUSCC 77(k). The same statute, 28 U.S.C. § 1926(b), permits this court and its officers to "collect only such fees and costs as the Judicial Conference prescribes," and allows the court to require advance payment of fees by rule.[7] Similarly, 28 U.S.C. § 791(b) (1988) requires the clerk of this court to "pay into the Treasury all fees, costs and other moneys collected by him," and "make returns thereof to the Director of the Administrative Office of the United States Courts under regulations prescribed by him."

The Judicial Conference Schedule of Fees,[8] and this court's rules, currently require the payment of a $120 filing fee at the time the complaint is filed. RUSCC 77(k). None of the foregoing provisions permits the clerk or this court to waive this filing fee.

Not being an Article III court, this court has no inherent authority to grant these applications based upon equitable considerations. *Cf. Chambers v. NASCO, Inc.,* 500 U.S. ——, ——, 111 S.Ct. 2123, 2140, 115 L.Ed.2d 27 (1991) (Scalia, J., dissenting) (agreeing with the majority that Article III courts derive from the Constitution inherent authority "to do what courts have traditionally done in order to accomplish their assigned tasks"). *But see Office of Personnel Management v. Richmond,* 496 U.S. 414, 426, 110 S.Ct. 2465, 2472, 110 L.Ed.2d 387 ("Courts of equity can no more disregard statutory and constitutional requirements than can courts of law.") (*quoting INS v. Pangilinan,* 486 U.S. 875, 883, 108 S.Ct. 2210, 2216, 100 L.Ed.2d 882 (1988)).

No constitutional due process right to "meaningful access" to the courts has been held to extend to the category of claims generally before this court, *i.e.,* non-criminal cases or civil cases not involving a fundamental constitutional right. *Cf. United States v. Kras,* 409 U.S. 434, 450, 93 S.Ct. 631, 640, 34 L.Ed.2d 626 (1973) (the Supreme Court "obviously stopped short of an unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees"); *Boddie v. Connecticut,* 401 U.S. 371, 382–83, 91 S.Ct. 780, 788–89, 28 L.Ed.2d 113 (1971).

Nor has it ever been established that taking cases under the Fifth Amendment involve a fundamental right analogous to that discovered in *Boddie,* 401 U.S. at 382, 91 S.Ct. at 788 (right to divorce). On the contrary, in *Kras,* 409 U.S. at 434, 93 S.Ct. at 631, a civil case for voluntary discharge

---

**6.** The only statute permitting waiver of fees by the Claims Court is 28 U.S.C. § 2513 (1988), which grants the authority to waive fees only in unjust conviction and imprisonment suits filed against the government under 28 U.S.C. § 1495 (1988).

**7.** The Claims Court requires advance payment. RUSCC 77(k).

**8.** *See* notes accompanying 28 U.S.C.A. § 1926 (West Supp.1991).

in bankruptcy—clearly a more significant right, and more similar to a divorce right, than the suits for money damages brought in this court—the Supreme Court held that a financial barrier to bringing such suits was not unconstitutional.

Further, permitting such a waiver would be tantamount to an award of money against the United States not based on contract, statute, regulation, or the Constitution and thus beyond this court's statutory jurisdiction under 28 U.S.C. § 1491(a) (1988). *See, e.g., Richmond*, 110 S.Ct. at 2472 (no branch can order the payments of moneys in the Treasury unless order based on "appropriation of law"); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949) (no suit for money damages against the United States is permitted if the relief awarded would result in an interference with public administration or expenditure from the public treasury).

In sum, this court can discern no authority for the clerk or this court, under 28 U.S.C. § 1915 or any other statute, to waive statutory filing fees or other costs. *See generally Shearin v. United States*, 25 Cl.Ct. 294 (1992). Therefore, the applications to proceed *in forma pauperis* are denied.