**Robert W. KIMBLE, Sr., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 00–5124.**

United States Court of Appeals, Federal Circuit.

Dec. 4, 2001.

"Salviejo," we have used that spelling in this court's caption.

---

* The Court of Appeals for Veterans Claims referred to the appellant as Susana A. Salvieja. Because the appellant signs her name as

Before MICHEL, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Robert W. Kimble, Sr., appeals the July 13, 2000 order of the United States Court of Federal Claims, Docket No. 00–413 C, dismissing his complaint alleging that the United States District Court for the Eastern District of California illegally deducted money from his prison trust account and consequently inflicted pain and suffering. Because the Court of Federal Claims properly applied res judicata in dismissing Mr. Kimble's case in light of a previous and nearly identical suit filed by Mr. Kimble that the Court of Federal Claims dismissed for lack of jurisdiction, this court *affirms*.

I.

Mr. Kimble currently is incarcerated in the California state prison system. On September 2, 1998, Mr. Kimble filed a complaint in the United States District Court for Eastern District of California, alleging that the court illegally deducted money from his prison trust fund for filing fees related to a criminal complaint previously filed by Mr. Kimble. Mr. Kimble also complained that the district court improperly denied appointment of counsel. On March 31, 1999, Mr. Kimble filed a similar complaint with the Court of Federal Claims, Docket No. 99–190, alleging that the district court illegally deducted money

from his prison trust fund and, as a consequence, inflicted pain and suffering. The Court of Federal Claims dismissed the case for lack of jurisdiction on April 1, 1999, citing 28 U.S.C. § 1346 (1994), 28 U.S.C. § 1491(a)(1) (Supp. II 1996), and *Brown v. United States,* 36 Fed. Cl. 290, 298 (1996).

In May 1999, after Mr. Kimble again filed a complaint in the United States District Court for Eastern District of California, the case was transferred to a magistrate. On November 22, 1999, the magistrate ordered Mr. Kimble to submit, within thirty days, a completed application to proceed in forma pauperis and a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. Mr. Kimble failed to comply with the order, and the district court dismissed the case on July 12, 2000, with prejudice, adopting the magistrate's recommendations and findings.

On July 13, 2000, one day after the district court's dismissal, Mr. Kimble filed another nearly identical complaint with the Court of Federal Claims, the case now at issue in this appeal. Mr. Kimble named the United States District Court and the district judge as defendants, alleging that the district court illegally deducted filing fees from his prison fund and intended to cause him "hardship and pain." The Court of Federal Claims again ordered dismissal, recognizing the stark similarity between the instant case and the prior case filed by Mr. Kimble on March 31, 1999. The Court of Federal Claims dismissed the case, both under its prior reasoning (i.e., lack of jurisdiction) and under the doctrine of res judicata.

Mr. Kimble now appeals to this court. Mr. Kimble argues that: (1) the Court of Federal Claims improperly dismissed both this case and the previous case; (2) the dismissals caused him pain and suffering; (3) the Court of Federal Claims failed to provide Mr. Kimble with appointed counsel; and (4) the Court of Federal Claims should have applied 28 U.S.C. § 1915(d) (Supp. V 1999).

## II.

Res judicata, or claim preclusion, prevents aggrieved parties from relitigating the merits of claims for which a valid, final judgment has previously been entered. *United States v. Moser,* 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262 (1924). The Court of Federal Claims' jurisdiction and the applicability of res judicata are both questions of law that this court reviews without deference. *Case, Inc. v. United States,* 88 F.3d 1004, 1008 (Fed.Cir.1996). This court reviews the Court of Federal Claims' findings of fact under the "clearly erroneous" standard. *City of El Centro v. United States,* 922 F.2d 816, 819 (Fed.Cir. 1990).

As noted by Mr. Kimble in his informal brief to this court, the complaint filed with the Court of Federal Claims in this case is nearly identical to the complaint filed by Mr. Kimble in the same court on March 31, 1999. In its order dismissing the March 31, 1999 complaint, the Court of Federal Claims clearly addressed Mr. Kimble's allegations that the district court illegally deducted money from his prison trust fund, as well as his alleged tort claims of pain and suffering. Specifically, the Court of Federal Claims found that: (1) 28 U.S.C. § 1915(b)(1) allows the district court to deduct a certain percentage of the filing fees from Mr. Kimble's prisoner trust account; (2) the United States District Court for Eastern District of California (i.e., the federal district court that billed Mr. Kimble's prisoner trust account), rather than the Court of Federal Claims, should review whether the deduction was appropriate, as required under 28

U.S.C. § 1346; and (3) the Court of Federal Claims has no jurisdiction to hear Mr. Kimble's claims of pain and suffering (i.e., tort claims) under 28 U.S.C. § 1491(a)(1).

28 U.S.C. § 1915(b)(1) (Supp. V 1999) states:

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In other words, as noted by the Court of Federal Claims, § 1915(b)(1) allowed the district court to deduct a certain percentage of the filing fees from a prisoner's trust account to cover a lawsuit filed in that court.

 Under the Tucker Act, the Court of Federal Claims has jurisdiction:

> to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not grant the Court of Federal Claims appellate jurisdiction to review decisions of federal district courts, such as the United States District Court for Eastern District of California. As correctly determined by the Court of Federal Claims, the proper court to review whether the district court illegally deducted fees from Mr. Kimble's prisoner trust account is the district court itself, and thereafter the Ninth Circuit. 28 U.S.C. § 1346(b)(1) (stating that "the district court ... shall have exclusive jurisdiction of civil actions on claims against the United States [i.e., the United States District Court for Eastern District of California in this case], for money damages ... for injury or loss of property").

 Likewise, the Tucker Act does not grant the Court of Federal Claims jurisdiction to render judgment upon a claim against the United States "sounding in tort." 28 U.S.C. § 1491(a)(1) (see above). Consequently, the Court of Federal Claims correctly concluded that it lacked jurisdiction to hear Mr. Kimble's claims of pain and suffering.

 In sum, the Court of Federal Claims properly dismissed Mr. Kimble's March 31, 1999 complaint for the reasons stated above. As admitted by Mr. Kimble, his March 31, 1999 complaint and July 13, 2000 complaint contained nearly identical claims. Thus, the Court of Federal Claims already addressed the merits of Mr. Kimble's July 13, 2000 complaint in its valid and final order dated March 31, 1999. Res judicata prevents Mr. Kimble from relitigating his current claims.

 Mr. Kimble also argues that the Court of Federal Claims improperly failed to appoint counsel for Mr. Kimble when it granted him in forma pauperis status. Although § 1915(e) gives a court discretion to appoint counsel for inmates in a civil proceeding, that statute only applies to Article III courts. 28 U.S.C. § 1915(a)(1) (referring to "any court of the United States"). Because the Court of Federal Claims is an Article I court, 28 U.S.C. § 171(a) (1994), and not a "court of the United States" as defined by 28 U.S.C. § 451 (1994), the Court of Federal Claims has no statutory authority to appoint coun-

930

sel. *Froudi v. United States,* 23 Cl.Ct. 328, 330 (1991); *see also, Lariscey v. United States,* 861 F.2d 1267, 1272 (Fed.Cir. 1988) (Archer, J., concurring); *Essex Electro Eng'rs, Inc. v. United States,* 757 F.2d 247, 251 n. 1 (Fed.Cir.1985); 28 U.S.C. § 172(a) (1982). Consequently, the Court of Federal Claims did not act improperly by failing to appoint counsel for Mr. Kimble.

Finally, Mr. Kimble argues that the Court of Federal Claims misapplied the law because it should have applied 28 U.S.C. § 1915(d). It is possible that Mr. Kimble actually intends to cite § 1915(e), which states that "[t]he court may request an attorney to represent any person unable to afford counsel," with regard to the previously mentioned argument. Alternatively, Mr. Kimble may be suggesting that the Court of Federal Claims was required to apply paragraph (d) of § 1915 to the exclusion of other paragraphs in the statute, such as paragraph (b). A statute must be read and applied as a whole, however. An isolated reading of one paragraph within a statute is inappropriate. Mr. Kimble's argument is without merit.

For the reasons stated above, the Court of Federal Claims properly dismissed Mr. Kimble's July 13, 2000 complaint. Under the doctrine of res judicata, Mr. Kimble may not retry his case simply by refiling essentially the same complaint in the Court of Federal Claims. To the extent Mr. Kimble believes the district court improperly deducted filing fees from his prison trust fund or improperly dismissed his case, Mr. Kimble's proper recourse is by complaint with the district court, or by appeal to the Ninth Circuit.