**Pat M. HAYES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 06–254 L.**

United States Court of Federal Claims.

June 21, 2006.

Pat H. Hayes, Anadarko, OK, pro se.

Erik Kenneth Stegeby, Environment & Natural Resources Division, Department of Justice, Washington, DC, for defendant.

*ORDER*

HEWITT, Judge.

 Before the court is plaintiff's Application to Proceed In Forma Pauperis (Application), filed April 7, 2006. Also before the court is plaintiff's Complaint (Compl. or Complaint), filed March 30, 2006. Plaintiff has completed the Application, which is a form provided by this court for this purpose, and attached copies of documents identified as plaintiff's social security payment and bank account statement. The statute governing proceedings in forma pauperis (IFP), 28 U.S.C. § 1915, provides in pertinent part that

> *any court of the United States* may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, *by a person who submits an affidavit* that includes a statement of *all assets such prisoner possesses* [and] that *the person is unable to pay such fees* or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (2000) (emphasis added). The language of the statute, by alternating between "person" and "prisoner," immediately raises the issue of whether it applies to both prisoners and non-prisoners. Three United States circuit courts of ap-

peals have resolved this issue in the affirmative. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004) ("Despite the statute's use of the phrase 'prisoner possesses' the affidavit requirement applies to all persons requesting leave to proceed IFP."); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997) ("Having reviewed the legislative history of the [Prison Litigation Reform] Act, applied the basic axioms of statutory interpretation, and used a little common sense, we conclude that [28 U.S.C.] § 1915 permits individuals who are not incarcerated to continue to proceed as paupers in federal court."); *Haynes v. Scott*, 116 F.3d 137, 140 (holding that "the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed IFP."). While the United States Court of Appeals of the Federal Circuit does not appear to have addressed this issue directly in the context of a case, the Federal Circuit's Guide for Pro Se Petitioners and Applicants (Guide) suggests a similar determination. *See* United States Court of Appeals of the Federal Circuit, Guide for Pro Se Petitioners and Appellants 138, *available at* http://www.fedcir.gov/pdf/guide.pdf. Under paragraph 5 of the Guide, applicants are informed that "[u]nless you are a prisoner, you are automatically qualified to proceed in forma pauperis if the district court, Court of International Trade, Court of Federal Claims, or Court of Appeals for Veterans Claims has granted you that right and not revoked it." *Id.*

The court in *Floyd* reviewed the legislative history of the statute, in particular the addition in the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104–134, 110 Stat. 1321–66 (1996) of the phrase "that includes a statement of all assets such prisoner possesses," and concluded that "a typographical error in the final version of the statute occurred and that Congress actually intended the phrase to be 'person possesses.'" *Floyd*, 105 F.3d at 275. The *Floyd* court documented the various bases for this conclusion, noting in particular that the purpose of the legislation amending the original IFP statute was to discourage frivolous and abusive prisoner lawsuits. *Id.* According to the *Floyd* court, "nowhere in the PLRA is there a modicum of evidence that Congress intended to prevent indigent non-prisoners from proceeding in forma pauperis in the federal courts. To the contrary, the legislation was enacted to require only prisoners to pay the entire sum of their fees and costs." *Id.* at 276. The court agrees with the analysis of the Sixth Circuit and holds that the right to petition a federal court to proceed in forma pauperis applies to both prisoners and non-prisoners.

■ The statute also specifies that the functions defined under section 1915, including waiver of the requirement to prepay filing fees, may be authorized by "any court of the United States." 28 U.S.C. § 1915(a). The statutory meaning of "court of the United States" is provided in 28 U.S.C. § 451 and applies to the entirety of Title 28 of the United States Code, which title is reserved for regulations governing the judiciary and judicial procedure. *See* 28 U.S.C. § 451 (2000). Section 451 provides:

> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

*Id.* The Federal Courts Improvement Act of 1982 (FCIA), Pub.L. No. 97–164, 96 Stat. 25, (codified as amended in scattered sections of 28 U.S.C.), among other changes, established the United States Court of Appeals for the Federal Circuit by merging the United States Court of Customs and Patent Appeals and the appellate division of the United States Court of Claims. *See, e.g.*, FCIA § 105, 28 U.S.C. §§ 171–177 (establishing the United States Claims Court[1]) and § 403 (transferring cases on which a report on the merits had been filed by a commissioner or

---

1. The United States Claims Court was renamed the United States Court of Federal Claims effective October 29, 1992. *See* Court of Federal Claims Technical and Procedural Improvements Act of 1992, Pub.L. No. 102–572, § 901, 106 Stat. 4506, 4516.

for which a request for review was pending before the Court of Claims, and all matters pending before the Court of Customs and Patent Appeals, as of October 1, 1982, to the Court of Appeals for the Federal Circuit). With the establishment of the Court of Appeals for the Federal Circuit as an Article III court, Congress deleted references to the Court of Claims and the Court of Customs and Patent Appeals from the definition of a "court of the United States" in 28 U.S.C. § 451. *See* FCIA § 114. Whereas the former United States Court of Claims was an Article III court, the United States Claims Court was established under Article I of the United States Constitution. *See* 28 U.S.C. § 171(a). The FCIA also set the tenure of judges to a term of appointment of fifteen years. FCIA § 105, 28 U.S.C. § 172(a).

The authority of this court to exercise the functions permitted by 29 U.S.C. § 1915 has been challenged on the ground that the United States Court of Federal Claims does not come under the statutory definition of a "court of the United States" provided in 28 U.S.C. § 451. *See Lariscey v. United States,* 861 F.2d 1267, 1271 (1988) (holding that "[t]he Claims Court is not a 'court of the United States' in terms of 28 U.S.C. § 1915" but declining to decide whether, due to its "unique provenance" as a successor to an Article III court, the Claims Court had the authority to appoint counsel under § 1915); *see also Froudi v. United States,* 23 Cl.Ct. 328, 330–32 (1991) (denying a motion to proceed in forma pauperis and noting that, while the Federal Circuit in *Lariscey* "does not conclusively resolve the conundrum posed by 28 U.S.C. § 1915 with respect to the power of the Claims Court thereunder[,]" "[i]t is clear beyond cavil that the Claims Court is an Article I court ... [and] ha[s] no authority to undertake any of the functions described in 28 U.S.C. § 1915"); *Cofield v.*

*United States,* 25 Cl.Ct. 465, 468 (1992) (holding that "this court can discern no authority for the clerk of this court, under 28 U.S.C. § 1915 or any other statute, to waive statutory filing fees or other costs"). The court in *Cofield* explained its denial of an IFP motion as follows:

> This court is a court established by Congress under Article I of the United States Constitution, *see* 28 U.S.C. § 171(a), composed of judges appointed to limited terms, *see* 28 U.S.C. § 172(a), and thus not "entitled to hold office during good behavior" either by statute or by the Constitution. Consequently, the Claims Court does not come within the definition of a "court of the United States," under 28 U.S.C. § 451.

*Cofield,* 25 Cl.Ct. at 466 (footnotes omitted).

Subsequent to the ruling in *Cofield,* Congress amended 28 U.S.C. § 2503 by adding a new subsection providing that "[f]or the purpose of construing sections 1821, 1915, 1920, and 1927 of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States." Court of Federal Claims Technical and Procedural Improvements Act of 1992, Pub.L. No. 102–572, § 909, 106 Stat. 4506, 4519 (codified as amended at 28 U.S.C. § 2503(d) (2000)). Therefore, the statutory "conundrum" created by Congress in 1982 when it removed the Court of Claims from the list of "courts of the United States" recognized under 28 U.S.C. § 451 without providing for the newly created Claims Court to assume that authority in regard to statutes such as 28 U.S.C. § 1915, *see Froudi,* 23 Cl.Ct. at 331, has been resolved by act of Congress, *see* 28 U.S.C. § 2503(d). This court has the authority under 28 U.S.C. § 2503(d) to exercise the functions defined in 28 U.S.C. § 1915, including that of waiving the prepayment of filing fees by granting a motion to proceed in forma pauperis.[2]

---

**2.** In a non-precedential unpublished Opinion, the United States Court of Appeals for the Federal Circuit upheld the denial by the Court of Federal Claims of a prisoner's request to appoint counsel under 28 U.S.C. § 1915(e) on the grounds that "[b]ecause the Court of Federal Claims is an Article I court and not a 'court of the United States' as defined by 28 U.S.C. § 451 (1994), the Court of Federal Claims has no statutory authority to appoint counsel." *Kimble v. United States,*

25 Fed.Appx. 926 (Fed.Cir.2001) (citing, inter alia, *Froudi v. United States,* 23 Cl.Ct. 328, 330 (1991) and *Lariscey v. United States,* 861 F.2d 1267, 1272 (Fed.Cir.1988)) (internal citation omitted). While this non-precedential ruling does not affect the court's finding, *see* Fed. Cir. R. 47.6, it does suggest that further clarification from the Federal Circuit regarding the extent of this court's authority, with special reference to

For a motion to proceed in forma pauperis, the statute requires that the applicant submit an affidavit listing all assets possessed by the applicant and declaring that the applicant is unable to pay the filing fees. 28 U.S.C. § 1915(a)(1). Plaintiff submitted the form provided for this purpose by the United States Court of Federal Claims. The financial records attached to plaintiff's Application and plaintiff's reported income and assets support plaintiff's declaration of inability to pay filing fees. "When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez*, 364 F.3d at 1307 (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir.1976)). The provision for waiving prepayment of filing fees provided by 28 U.S.C. § 1915 is not intended to take effect only after the applicant has exhausted all of his or her resources. *See id.* (concluding that "the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements."). The United States Supreme Court spoke to the level of need required to meet the statutory requisite of inability to pay under 28 U.S.C. § 1915(a) [3] and concluded that "[w]e cannot agree . . . that one must be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The Court explained that "[t]o say that no persons are entitled to the statute's benefits until they have sworn to contribute . . . the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges." *Id.* While plaintiff is not without resources of any kind, the value of the sole asset listed and the limited income of the applicant, when considered against the financial responsibilities attested to, are such that the court finds that the affidavit is sufficient on its face to demonstrate economic eligibility. *See Watson*, 525 F.2d at 891.

The IFP affidavit must also state "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff characterizes the nature of the action in the following terms: "The U.S. Gov[ernment] acting through its agency, Bureau of Indian Affairs [ (BIA),] ordered lessee's oil and gas companies to revoke direct pay to lessor[.] Lessor objects on grounds U.S. Gov[ernment] did not have jurisdiction." Application at 1. Plaintiff alleges that the estate of Leona Hayes, of which plaintiff is a successor-in-interest and representative, was injured by the BIA's revocation of authorization for "direct pay of oil and gas royalties to her for the purpose of paying state and federal income taxes allegedly owed." Compl. at 2. Plaintiff's Complaint contains as attachments documents that appear to address plaintiff's claims of tribal membership, the status of the land in question as restricted Indian land, BIA correspondence referencing the revocation of authorizations for oil and gas royalties, and Internal Revenue Service correspondence regarding the tax status of oil and gas royalties.

Even if the court finds that plaintiff's affidavit presents sufficient support for waiver

the appointment of counsel under 28 U.S.C. § 1915(e), may be helpful.

**3.** By the Act of June 25, 1948, ch. 646, 62 Stat. 954, Congress substantially rewrote 28 U.S.C. § 832 (1940) to form what is now 28 U.S.C. § 1915(a) and (b). This change became effective shortly before the Court issued its decision in *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The pertinent language of the version of 28 U.S.C. § 1915(a) addressed by the Supreme Court in *Adkins* states:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or crimi-

nal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

Act of June 25, 1948, ch. 646, 62 Stat. at 954, codified at 28 U.S.C. § 1915(a) (1952) (the 1952 version). The 1952 version of the statute cited here differs little from the current version, with the notable addition in the latter of "a statement of all assets such prisoner possesses." *Compare* the 1952 version *with* 28 U.S.C. § 1915(a)(1) (2000).

of prepayment of the filing fee, the court shall dismiss the case at any time if it determines that the asserted claim is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The standard for assessing the legal sufficiency of a complaint was set out in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "In appraising the sufficiency of the complaint we follow ... the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S.Ct. 99. The plaintiff here is pursuing the case on a pro se basis. Pro se complaints are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Evaluating plaintiff's Complaint against this lenient standard, the court does not find at this juncture that plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

This Order does not determine the authenticity or admissibility of the documents attached to plaintiff's Complaint or otherwise address the merits of plaintiff's case. The court finds, based on the materials filed, that plaintiff has met the minimal statutory requirements for filing in forma pauperis. *See DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir.1991) ("In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised...."). Plaintiff's Application to Proceed in Forma Pauperis is GRANTED.

IT IS SO ORDERED.