**James R. HEUSS II, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 06–875 C.

United States Court of Federal Claims.

March 8, 2007.

James R. Heuss II, Miami, FL, pro se.

Michael S. Dufault, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Acting Director, and Bryant G. Snee, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant.

## ORDER

HEWITT, Judge.

Before the court is plaintiff's Application to Proceed In Forma Pauperis (Application) and plaintiff's Motion for Appointment of Counsel (Motion), both filed December 22, 2006.

▪ In order to proceed in forma pauperis, the statute requires that the applicant submit an affidavit listing all assets possessed by the applicant and declaring that the applicant is unable to pay the filing fees. 28 U.S.C. § 1915(a)(1) (2000). "When considering a motion filed pursuant to § 1915(a), ['] the only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir.2004) (citation omitted). Plaintiff's affidavit is contained in his Application. Plaintiff states in his Application, that because of his incarceration, he is unable to work and has not received any income in the past twelve months. Application 1–2. Plaintiff also provided copies of his Florida Department of Corrections Trust Fund Account statements for June through November 2006. The court finds that plaintiff sufficiently attested to his financial assets and demonstrated that due to his poverty, he is financially eligible to proceed in forma pauperis.

▪ The IFP affidavit must also state "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff argues that he is "entitled to correction of [his] service record and military back pay ... in the amount of $300,000, ... for [his] improper or illegal discharge from the United States Navy." Application 1. The court finds that plaintiff has adequately described the nature of his claim.

▪ Plaintiff does not have the right to assistance of counsel in this matter before the Court of Federal Claims. *See Lariscey v. United States*, 861 F.2d 1267, 1270–71

(Fed.Cir.1988) (stating that "a right to appointed counsel exists only when the indigent may lose his/her personal freedom if the action is lost" and that, "[b]eyond this narrow framework, the Supreme Court has not recognized a constitutional right to appointed counsel in civil matters") (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26–27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)).[1] The court therefore declines to appoint counsel for plaintiff. However, plaintiff may contact the Clerk of the Court at (202) 357–6406 to request a list of attorneys who may, on a pro bono basis, be available to assist plaintiff in pursuing his claim.

IT IS SO ORDERED.

---

1. Although not citable as precedent, *see* Fed. Cir. R. 32.1, the court notes the statement in *Kimble* that, because the statute granting courts discretion to appoint counsel only applies to Article III courts, "the Court of Federal Claims has no statutory authority to appoint counsel" because it is an Article I court. *Kimble v. United States*, 25 Fed.Appx. 926, 929 (Fed.Cir.2001).