**Jacob Stephen BROWN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 07–277 C.**

United States Court of Federal Claims.

June 14, 2007.

Jacob Stephen Brown, Bayport, MN, pro se.

Maame A.F. Ewusi–Mensah, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER

HEWITT, Judge.

### I. Pleadings

The court has before it Plaintiff's Motion to Proceed Informa Pauperis (Motion or Pl.'s Mot.), filed on May 3, 2007, along with his Complaint for Declaratory Judgment (Complaint or Compl.). Defendant had up to and including May 21, 2007, to file a Response to plaintiff's Motion but did not do so.

### II. Statutory Scheme

*In forma pauperis* (IFP) applications seek to invoke the court's power to "authorize the commencement ... of any suit, action or proceeding ... without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1) (2000). Specifically,

any court of the United States may [waive an applicant's fees] by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses [and] that the *person* is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense

or appeal and affiant's belief that the *person* is entitled to redress.

*Id.* (emphasis added).[1]

## III. Background

On May 3, 2007, plaintiff filed a Complaint with the court. Compl. 1. Plaintiff alleges:

> On August 6, 1987, the plaintiff was separated from the U.S. Navy with an other than honorable discharge for a pattern of misconduct. Pursuant to 10 U.S.C. [§ ] 1553(a) [(2000)] he must motion or request review before the Naval discharge Review Board within fifteen (15) years after his separation to get his discharge upgrade to honorable. This means that plaintiff must "motion or request review" prior to August 6, 2002.

*Id.* Plaintiff alleges that he attempted to obtain the assistance of Senator Paul D. Wellstone, a member of the Minnesota Congressional Delegation, in getting his discharge upgraded to honorable around June of 2000. *Id.* Plaintiff alleges that Senator Wellstone "advised the plaintiff that he had in fact forwarded his application for review of discharge to the Naval Council of Personnel Board and asked them to review the plaintiff's discharge." *Id.* at 2. Not having received any news of that alleged first application, plaintiff filed a second one on January 31, 2007, which the Secretary of the Navy Council of Review Boards rejected as untimely on March 15, 2007. *Id.* Plaintiff "request[s] judgment against the defendant Secretary of the Navy (s) declaring that the plaintiff's application(s) for review of his discharge was filed in a timely manner and should be considered on the merits." *Id.*

Filed on the same day as the Complaint is plaintiff's Motion. Pl.'s Mot. 1.[2] Plaintiff declares that he is employed in the Minnesota Correctional Facility Stillwater (Facility), the place of his current incarceration, as a general assembly worker. *Id.* at 2. Plaintiff declares that he earns $7.09 an hour gross income, from which state and federal taxes, 10% cost of confinement, and 5% Aid to Victims of Crime are subtracted. *Id.* Plaintiff does not state how many hours he works, what his monthly income is, what his expenses are, or how much of his income he may have saved in cash. *See id.* He is "in ar[r]ears to Ramsey County Minnesota for Child Support in the amount of $2,000.00." *Id.* Plaintiff has "a stock brokerage account in trust to [his] only daughter" but no other checking or savings accounts. *Id.* Plaintiff declares that he has not received any money from other employment, rent payments, pension payments, annuities, life insurance, disability or workers compensation, gifts or inheritances, or any other sources in the past year. *Id.*

## IV. Discussion

### A. Plaintiff Meets the Requirement of Poverty

Although plaintiff's Motion is not complete, the threshold for an IFP motion to proceed is not high: The statute requires that the applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute. *Adkins v. E.I.*

---

1. Although the language of the statute, by alternating between "person" and "prisoner," immediately raises the issue of whether it applies to all persons or only to prisoners, courts generally accept that it applies to all persons. For further discussion, see *Hayes v. United States,* 71 Fed.Cl. 366, 366–67 (2006) ("The court ... holds that the right to petition a federal court to proceed in forma pauperis applies to both prisoners and non-prisoners.").

   The statute also specifies that the functions defined under § 1915, including waiver of the requirement to prepay filing fees, may be authorized by "any court of the United States." 28 U.S.C. § 1915(a)(1). The statutory meaning of "court of the United States" includes the Court

of Federal Claims. *See, e.g., Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994) (acknowledging that the Court of Federal Claims granted a petition to proceed in forma pauperis); *Heuss v. United States,* 75 Fed.Cl. 636, 637 (2007) (order granting in forma pauperis application). For further explanation, see *Hayes,* 71 Fed.Cl. at 368.

2. Plaintiff's Motion to Proceed Informa Pauperis (Motion or Pl.'s Mot.) is a three-page document with no written pagination on the first page and with second and third pages marked as pages "1" and "2" respectively. This Order will cite to the actual order of the pages and not to the numbering written in the Motion.

*DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948) ("We think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" (alteration in original)); *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir.2004) ("When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" (alteration in original)) (quoting *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976)); *Hayes v. United States,* 71 Fed.Cl. 366, 369 (2006) ("The provision for waiving prepayment of filing fees provided by 28 U.S.C. § 1915 is not intended to take effect only after the applicant has exhausted all of his or her resources.").

■ Plaintiff resides in Minnesota where the state minimum wage is $6.15 an hour for large employers. Minn.Stat. § 177.24 (2005). The national minimum wage is currently $5.15 an hour. 29 U.S.C. § 206. However, the national minimum wage has been in effect for almost a decade, *id.,* and beginning July 24, 2007, it will be raised incrementally to $7.25 an hour over two years. U.S. Troop Readiness, Veterans' Care, Katrina Recovery, and Iraq Accountability Appropriations Act, 2007, Pub.L. No. 110–28, 121 Stat. 112 (H.R.2206, 110th Cong.(2007); Library of Congress Thomas, http://thomas.loc.gov/cgi-bin/bdquery/z?d1 10:h.r.02206: (last visited May 30, 2007) (indicating that the President signed the bill raising the minimum wage)). Plaintiff declares no assets from which he can benefit other than his wages. Pl.'s Mot. 2. From his wages, he must pay state and federal taxes; he must pay for part of his confinement; and he must pay for Aid to Victims of Crime. *Id.* Plaintiff is behind in his child support payments by $2,000 and presumably has a continuing obligation to make payments. *See id.* Plaintiff's financial obligations, his total lack of assets besides his hourly wages, and the fact that his wages approach his state's minimum wage and the national minimum wage satisfy the court that payment of the fee would constitute a hardship to plaintiff.

**B. Plaintiff Meets the Procedural Requirements of Section 1915**

■ The statute requires that the applicant submit an affidavit listing all assets possessed by the applicant, declaring "that the person is unable to pay such fees," and declaring "affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has listed his assets and "request[s] leave to file his claim with this court without payment of the usual filing fees, costs and disbursements" pursuant to "28 U.S.C.1915." Pl.'s Mot. 1. Although plaintiff does not specifically declare that he is unable to pay the usual filing fees, his reference to the applicable statute and his request that he be exempted from the fees unambiguously indicate plaintiff's assertion of his inability to pay the fees, satisfying the statutory requirement.

The IFP affidavit must also state "the nature of the action, defense or appeal." 28 U.S.C. § 1915(a)(1). Plaintiff does not, however, state the nature of his action in his Motion. Pl.'s Mot. *passim.*

In *Fiebelkorn v. United States,* 77 Fed.Cl. 59, 63, 2007 WL 1321735, at *5 (2007), the court stated that "[t]he court believes that the statute's requirement that plaintiff 'state the nature of the action' in the affidavit is a procedural one meant to avoid confusion as to which action a plaintiff is seeking a waiver of fees." *Fiebelkorn,* 77 Fed.Cl. at 63, 2007 WL 1321735, at *5. Thus, "stating the nature of plaintiff's action in a complaint, filed simultaneously with the [IFP] Application, fulfills the requirements of the statute," *id.* at 63, 2007 WL 1321735 at *5, because no confusion can reasonably arise as to which action a plaintiff is referring to, *see id.*

Plaintiff states the nature of the action in his Complaint, which was filed with the Motion. After alleging facts in support of his claim, plaintiff "request[s] judgment against the defendant Secretary of the Navy (s) declaring that the plaintiff's application(s) for review of his discharge was filed in a timely manner and should be considered on the merits." Compl. 2. Plaintiff cites to 10

U.S.C. § 1553(a) as the source of law on which he bases his claim. Compl. 1.

### C. Presumption that Complaint Not Barred by Three Strikes Rule

The "three strikes rule" of the Prison Litigation Reform Act precludes a prisoner from proceeding in forma pauperis if the prisoner, on at least three prior occasions while incarcerated, filed civil actions or appeals in federal court which were dismissed as being frivolous or malicious or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). Because defendant did not respond to plaintiff's Motion, the court presumes that plaintiff has not run afoul of the "three strikes rule."

### V. Conclusion

For the foregoing reasons, plaintiff's Motion is GRANTED.

IT IS SO ORDERED.