# ORIGINAL

## In the United States Court of Federal Claims

No. 14-408C
(Filed: June 4, 2014)

```
*****************************************
WILLIAM D. SLONE,                        *
                                         *
                 Plaintiff,              *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                 Defendant.              *
*****************************************
```

**FILED**

JUN – 4 2014

U.S. COURT OF
FEDERAL CLAIMS

### OPINION AND ORDER

On May 6, 2014, plaintiff in the above-captioned case, appearing pro se, filed a complaint and an application to proceed in forma pauperis. Plaintiff, who is currently incarcerated in Pine West Liberty, Kentucky, contends that he has suffered "unjust conviction and imprisonment," Compl. 1, and that he is entitled to "$200,000 plus cost[s]" in damages, id. at 7. He challenges his alleged "transfer of custody" from Kentucky state jurisdiction to federal jurisdiction. Id. at 2. He also contends that a separate case that he filed pursuant to 42 U.S.C. § 1983 was incorrectly "recharacterized" as two separate petitions for a writ of habeas corpus, "without notice" to him, id., but that he has still been "deprived . . . of a fair habeas corpus," id. at 5. Further, he states that his due process rights under the Fourteenth Amendment to the United States Constitution ("U.S. Constitution"), id. at 2-3, as well as his rights under the Fourth and Sixth Amendments, have been violated, id. at 5. He also argues that he has been deprived of his rights pursuant to the Constitution of the Commonwealth of Kentucky. Id. This court lacks jurisdiction to entertain plaintiff's claims and must therefore dismiss his complaint.

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

Further, the ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the

jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2006). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). The substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

In this case, plaintiff does not allege any claims based on a contract with the United States or a money-mandating constitutional provision, federal statute, or federal regulation. He challenges his alleged transfer of custody from state to federal authorities, but the Court of Federal Claims lacks jurisdiction to entertain criminal matters. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court").

Moreover, to the extent that plaintiff alleges claims pursuant to 42 U.S.C. § 1983, the court lacks jurisdiction to consider claims under that statute. See Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) ("[T]he court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983, § 1985, and § 1988 (2006) . . . ."); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."); Blassingame v. United States, 33 Fed. Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision. . . . Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction."), aff'd, 73 F.3d 379 (Fed. Cir. 1995). The court also lacks the authority to review a district court's decision adjudging a habeas petition; rather, that authority lies with the federal courts of appeal. See generally U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994) ("Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would–quite apart from any considerations of fairness to the parties–disturb the orderly operation of the federal judicial system."); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts.").

Further, plaintiff contends that his rights under Kentucky's constitution have been deprived, but the Tucker Act only provides for jurisdiction for claims arising under the United States Constitution, not state constitutions. See 28 U.S.C. § 1491. Plaintiff does assert violations of some amendments to the U.S. Constitution, but because of the nature of these

2

claims, the court lacks jurisdiction to hear them. Specifically, the Fourth Amendment's Search and Seizure Clause does not mandate the payment of money damages, and thus cannot provide a basis for jurisdiction in this court. See Brown, 105 F.3d at 623; cf. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("The Court of Federal Claims . . . does not have jurisdiction to hear . . . due process or seizure claims under the Fifth Amendment to the United States Constitution."). The court also does not have jurisdiction to hear plaintiff's Sixth Amendment claims. Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) (per curiam) ("[T]he fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims."). Additionally, because the due process clause of the Fourteenth Amendment is not money-mandating, the court lacks jurisdiction over such claims. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the Due Process and Equal Protection Clauses "do not trigger Tucker Act jurisdiction in the courts"); Pleasant-Bey v. United States, 99 Fed. Cl. 363, 367 (2011) ("[T]his court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages.").

Finally, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." Id. § 1915(a)(2).

Plaintiff has substantially satisfied the requirements set forth in section 1915(a). The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

In sum, the court **GRANTS** plaintiff's application to proceed in forma pauperis and **DISMISSES** plaintiff's complaint for lack of jurisdiction. The clerk is directed to enter judgment accordingly.

   **IT IS SO ORDERED.**

                                        _____
                                        MARGARET M. SWEENEY
                                        Judge